UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. LEWIS,<br><br>    Plaintiff,<br>v.<br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | Civil No. 12cv2073 AJB (RBB)<br><br>ORDER:<br><br>(1) ADOPTING REPORT AND RECOMMENDATION, (Doc. No. 14);<br><br>(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (Doc. No. 10);<br><br>(3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, (Doc. No. 11); AND<br><br>(4) REMANDING FOR FURTHER PROCEEDINGS, (Doc. No. 10). |

  On August 22, 2012, Plaintiff Richard L. Lewis ("Plaintiff") filed this appeal against Defendant Michael J. Astrue, then Commissioner of Social Security ("Commissioner" or "Defendant"), pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).[1] (Doc. No. 1.) The appeal sought judicial review of an adverse final decision entered on June 22, 2011, which denied Plaintiff disability insurance benefits. (*Id.*) On January 30, 2013, Plaintiff filed a motion for summary judgment or remand, (Doc. No.

---

[1] After the case was filed Carolyn W. Colvin replaced Michael J. Astrue as the Commissioner of Social Security. Colvin is therefore substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

10), and on February 12, 2013, Defendant filed a cross-motion for summary judgment, (Doc. No. 11). Plaintiff did not file an opposition to Defendant's motion.

On August 5, 2013, United States Magistrate Judge Ruben B. Brooks issued a Report and Recommendation ("R&R").[2] (Doc. No. 14.) The R&R recommended that the Court grant in part and deny in part Plaintiff's motion for summary judgment, deny Defendant's cross-motion for summary judgment, and remand for further proceedings. (Doc. No. 14.) The parties were instructed to file written objections to the R&R no later than August 19, 2013, and any replies to objections no later than August 26, 2013. (*Id*. at 47:22-26.) The parties were further advised that failure to file objections within the specified time may waive the right to raise those objections on appeal. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). As of the date of this order, neither party has filed an objection to the R&R.

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a *de novo* determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Here, despite being represented by counsel, neither Plaintiff nor Defendant has filed timely objections to the R&R. Therefore, having reviewed the R&R, the Court finds the report thorough, well-reasoned, and contains no clear error. *See* Fed. R. Civ. P. 72(b); *Reyna-Tapia*, 328 F.3d at 1121. Accordingly, the Court ADOPTS the R&R in its

---

[2] This matter was referred to Magistrate Judge Brooks by this Court on January 30, 2013.

entirety, (Doc. No. 14), GRANTS IN PART AND DENIES IN PART Plaintiff's motion for summary judgment, (Doc. No. 10), DENIES Defendant's cross-motion for summary judgment, (Doc. No. 11), and REMANDS the case to the Social Security Administration for proceedings consistent with the R&R, (Doc. No. 10).³ Upon remand, the Clerk of Court will close the district court case file.

IT IS SO ORDERED.

DATED: August 21, 2013

Hon. Anthony J. Battaglia
U.S. District Judge

---

³ A district court may remand a Social Security disability decision under sentence four of 42 U.S.C. § 405(g). *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007). That provision states, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.A. § 405(g). "A sentence-four remand is essentially a determination that the Commissioner erred in denying benefits." *Havrylovich v. Astrue*, No. 09-1113-HA, 2011 U.S. Dist. LEXIS 7187, at *19 (D. Or. Jan. 25, 2011) (citing *Hoa Hong Van*, 483 F.3d at 605).